## Howard *versus* Murphy.

1. Where a party in his bill of exceptions to the rejection of evidence does not indicate the character of the evidence rejected, so that this Court may judge of its admissibility, the objection will be held to have been waived. See also Snowden *v.* Warder, 3 *Rawle* 104.

2. In an action on a lease made by the plaintiff, who was in undisputed possession of the premises, the defendant, the lessee, offered generally to show that the plaintiff "had no interest in the property leased at the time he leased it, and had no right to lease it," but no facts were offered to be proved from which the want of title in the lessor would appear: it was *Held*, that the offer was insufficient, and that the bill of exceptions to the rejection of the evidence furnished no ground for reversal.

3. The plaintiff, in undisputed possession of premises by his tenants, leased them to the defendants for the term of one year: it was *Held*, that the lessees, though they had not been in possession under the lease, having declined to occupy under it, were not to be relieved from the payment of the rent by showing that the *title* to the premises was in another, no outstanding title being set up.

ERROR to the Common Pleas of *Schuylkill county.*

This was an action by Michael Murphy *v.* Howard, Earl, and Weaver, in business under the name of Howard, Earl & Co. The declaration contained two counts, one for the use and occupation of part of a house for one year from 1st April, 1851; and the second was on an agreement to pay $200 for the premises for the time above referred to.

In *February*, 1851, Rogers, Sinnickson & Co. occupied the premises under a lease from Murphy, the plaintiff. In that month they notified Murphy that they intended to leave the premises on the 1st of April following. To this Murphy objected on the ground that they had leased for a longer period. After that, viz., in March, 1851, Murphy told the clerk of Rogers & Co. that he had an opportunity of leasing the premises, and would *release*

[Howard *v.* Murphy.]

Rogers & Co. It appeared that Earl and Weaver applied to W. L. Whitney, who stated that he was the agent of Murphy, and inquired if the rooms in question were for rent, and they were informed that they were for rent for one or for five years. At their request, Whitney drew an instrument of writing, stating that Whitney, as agent for Murphy, agreed to bind himself to let the premises to Weaver for a period not less than one year, nor more than five years, at $200 per year. The paper was handed to Weaver. The instrument was not copied into the paper-book, but it seemed to be intimated that it was signed by either Weaver or Earl. Its date was not stated. Soon afterwards the agent perceived that the defendants, who were an Express Company, were in possession. They were in possession *before* the 1st of April, but not after that day. The agent stated that the rooms were occupied *by others* when he leased to Weaver. He stated that he received the keys of the room on the 1st of April, 1851, *under a protest* by him. He said he got the keys from the agent of Rogers & Co.

On the part of the *defendants*, it was proposed to ask the witness whether the keys were not delivered to him, as the agent of Murphy, on the 1st April, 1851, and whether the defendants before that time did not deny *that they had leased the rooms.* This was rejected.

It was admitted that the defendants had leased from Rogers & Co., prior to the 1st April, 1851, and had paid to them rent till that day.

On part of the defendants it was offered to prove "that Michael Murphy had no interest in the property leased, at the time he leased it, and had no right to lease it."

This was objected to, and was rejected. It was the 3d bill.

JORDAN, President Judge, instructed the jury that if they believed that Weaver, one of the firm of Howard, Earl & Co., agreed to lease the property for one year, at the amount stated, viz., $200 per year, the plaintiff was entitled to recover.

Verdict for plaintiff for $214.

It was assigned for error, that the Court erred in rejecting the evidence stated in the third bill of exceptions.

*Cumming* and *Bannan*, for plaintiff in error.—There was no entry under the lease, the possession of the premises was not withheld—and the contract was repudiated on account of want of power in the lessor to make it, because he was not at the time the owner. The case of Gleim *v.* Rise, 6 *Watts* 44, was cited.

*Williamson*, for defendants in error.—At the time the premises were leased to the defendants, the plaintiff, by his tenants, Rogers

[Howard v. Murphy.]

& Co., was in the undisputed possession, and no one has opposed his title or possession. It was not even distinctly *alleged* that there was an outstanding title in any person specified. When the lease was made to the defendants the plaintiff held Rogers & Co. liable for rent for at least part of the time for which the premises were leased to the defendants; how long did not appear by the evidence. He *released* them and they yielded the possession to the defendants. It was alleged that the reason assigned on the part of the Co. for leaving the premises was that the doors were *too narrow*.

The offer was not to prove that the plaintiff had no right to lease the premises *on the* 1st April, 1851, when the term was *to commence;* but that he had not the power to lease *when the lease was made*. It was not offered to show title in any specified person by deeds or other writing, or specified matters of fact resting in the testimony of witnesses, or of both; and therefore the essentials of an offer of testimony were wanting. The offer was general.

The opinion of the Court was delivered by

WOODWARD, J.—The plaintiffs in error are to be considered as occupying under the lease with Murphy's agent, for if they did not remain in the actual possession of the premises, they might have done so. They were not evicted or disturbed in their possession by any title paramount to Murphy's, and if they turned themselves out, it was their own fault and no reason for refusing to pay the stipulated rent. A tenant cannot be *compelled* to occupy the premises he leases. If he chooses that they shall stand vacant, his will is law to himself, but let him not imagine that his caprice, or change of interest, will excuse his payment of the rent.

This case then, viewed as an occupancy under the lease, falls within the general principle which forbids a tenant to impeach his landlord's title, and does not resemble the class of exceptions to which Gleim *v.* Rise, 6 *Watts* 44, belongs. In that case there was no possession under the plaintiff, the pretended landlord, but an actual holding under the real owner, and it was properly permitted to the tenant to show the fraud and imposition practised on him by the pretender; but here was an uninterrupted holding, or its equivalent, an opportunity to hold under Murphy, and what if he had not *the title?* He had the right of possession, and his demise was good even if the title were in another. The defendants offered to prove that he had no right to lease it, and that he had no interest in the property, but how and why had he no right and no interest? The bill is silent. No facts were offered to be proved out of which his want of title would result as a legal conclusion. He certainly had *some* interest, for he had the possession by his former tenants Rogers, Sinnickson & Co., and the plaintiffs

[Howard *v.* Murphy.]

in error went into possession under his title, and for aught that was shown or offered to be shown, might have remained in possession for their full term. A bill of exceptions which does not indicate the character of the evidence offered, is a waiver of the offer, and no ground for reversing: Snowden *v.* Warder, 3 *Rawle* 104. For every reason, not only the technical defects of the bill, but the general facts of the case, it is apparent there is no error in the record, and the judgment is accordingly affirmed.