## Hartley and Minor's Appeal.

1. A power of attorney to collect moneys, &c., for the principal, the attorney to receive as compensation "one-half of the net proceeds," is not a power coupled with an interest, and is revocable.

2. In the absence of an express stipulation to make a power of attorney irrevocable, there must co-exist with the power an interest in the thing to be disposed of or managed.

APPEAL from the Orphans' Court of *Greene county*, by Samuel Hartley and John Minor.

Hannah D. Gallion, on the 30th day of June 1866, made to Hartley and Minor a power of attorney to collect and receive all money and property coming to her as heir of John Douglass, deceased, with power to convey her interest in the real estate of the decedent, &c., "the said Hartley and Minor to receive as compensation for their services herein one-half of the net proceeds

[Hartley and Minor's Appeal.]

of my interest in said estate which may be collected or received by them as my attorneys, after paying all costs and expenses, they to receive no further compensation for any service they may render or expenses they may incur or pay as my attorneys."

On the 20th of July 1866, she gave another power of attorney to Livingston Howland for the same purpose, and in it revoked that to Hartley and Minor. On the 29th of September 1866, Hartley and Minor, as attorneys of Hannah Gallion, petitioned the Orphans' Court of Greene county for a citation to the administrator, &c., of Douglass to settle his account. This was objected to because of the power of attorney to Howland. On this ground the court refused to award the citation, and dismissed the petition. Hartley and Minor appealed from this decree, and assigned it for error.

*R. W. Downey*, for appellants, cited Walsh *v.* Whitcomb, 2 Esp. R. 565; Smyth *v.* Craig, 3 W. & S. 14; Bancroft *v.* Ashhurst, 2 Grant 513; Hunt *v.* Rousmanier, 8 Wheat. 174.

*A. A. Purman*, for appellee, cited Hunt *v.* Rousmanier, 8 Wheat. 174; Bancroft *v.* Ashhurst, 2 Grant 513.

The opinion of the court was delivered, November 12th 1866, by

THOMPSON, J.—There was no error committed by the court below in holding the power of attorney of Hannah Gallion to the appellants to be revocable. It was an ordinary agency, constituted by letter of attorney, to act for her to enforce a settlement of his accounts by the administrator of her father's estate, in which she was interested, and to collect any moneys or property that might belong, or be coming to her. For these services the attorneys were to have one-half of the net proceeds of what they might receive or recover for her. The plaintiffs in error suppose that this clause rendered the power irrevocable by their principal, under the idea that it was a power coupled with an interest. This was a mistake, as all the authorities show. To impart an irrevocable quality to a power of attorney in the absence of any express stipulation; and as the result of legal principles alone, there must co-exist with the power an interest in the thing or estate to be disposed of or managed under the power. An instance of frequent occurrence in practice may be given of the assignment of vessels at sea, with a power to sell for the benefit of the holder of the power, or of anybody else who may have advanced money and who it was agreed should be secured in that way. So where securities have been transferred with a power to sell, and generally, I presume, in all cases of property pledged for the security of money where there is an accompanying authority to sell to reimburse the lender or creditor. In Hunt

*v.* Rousmanier, 8 Wheat. 174, this doctrine is clearly and fully elucidated in the opinion of Marshall, C. J. In Bancroft *v.* Ashhurst, 2 Grant 513, a case tried at Nisi Prius before me, at which my brethren sat as adsessors, there is a pretty full examination of the question herein involved, and all the authorities referred to, and the conclusion is fully in accordance with Hunt *v.* Rousmanier, and sustains the above view of a power coupled with an interest.

In the case in hand the power and the interest could not co-exist. The interest the appellants would have would be in the net proceeds collected under the power, and the exercise of the power to collect the proceeds would *ipso facto* extinguish it entirely, or so far as exercised. Hence the appellants' interest would properly begin when the power ended. This distinction is noticed in Hunt *v.* Rousmanier; but neither by this test, nor any other, was the power of attorney in question irrevocable, and this judgment must be affirmed.

Judgment affirmed.