# Joseph Gassner *v.* John G. Pierce, Landlord, George Llewellyn, Constable, Appellants.

*Landlord and tenant—Lease—Lessee—Lessor—Payment of rent to lessor—Husband and wife—Estate by entireties.*

One who rents from a lessor must pay his rent to the person with whom he makes his contract, and cannot defend against the payment of such rent because the landlord owns the property by entireties.

By accepting a lease and the possession of the premises, in pursuance of it, the tenant precludes himself from effectively refusing to pay the rent on account of the defects of the title of the lessor. He may be compelled to pay the rent, despite such defects, if any, and therefore proof of such defects is irrelevant and inadmissible in actions of assumpsit for the rent.

A tenant after paying the lessor for some months the rent reserved, declined to continue paying it to him, but, instead, paid it to the lessor's wife, the husband and wife having estates by en-

tireties in the premises.  The lessor then distrained for rent in arrear, and the tenant brought replevin, filed a bond, and received the goods.  The tenant's legal position was that as the lessor and his wife held by entireties the payment of the rent reserved in the lease might be made to either.

Held: that the rent must be paid to the lessor mentioned in the lease.

Argued December 7, 1925.  Appeal No. 305, October T., 1924, by defendants, from judgment of C. P. Schuylkill County, July T., 1923, No. 51, in the case of Joseph Gassner v. John G. Pierce, Landlord, George Llewellyn, Constable.  Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.  Reversed.

Replevin for property distrained under lease.  Before Berger, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff, and entered judgment thereon.  Defendants appealed.

*Error assigned* was in directing a verdict in favor of the plaintiff.

*R. A. Freiler,* and with him *M. J. Ryan,* for appellants.

*R. P. Swank,* and with him *M. M. Burke,* for appellee.

Opinion by Linn, J., February 26, 1926:

This was an action of replevin brought by a tenant for goods taken by lessor and his bailiff in distress for rent.  Pierce, by written lease, demised a dwelling house and lot to plaintiff, at a rental of $125 a month, and plaintiff entered under that lease.  After paying his lessor for some months the rent reserved, he declined to continue paying it to him, but, instead, paid it to the lessor's wife, husband and wife having estates

by entireties in the premises. The lessor then distrained for rent in arrear. The tenant brought replevin, filed a bond and received the goods. The case came on for trial and the parties agreed to facts which were stated for the record by the trial judge. The tenant's legal position was that as the lessor and his wife held by entireties, payment of the rent reserved in the lease might be made to either. The court below adopted that view, deeming it authorized by O'Malley v. O'Malley, 272 Pa. 528, and directed a verdict for the plaintiff.

In the O'Malley case, it was held that a divorced wife could recover from her former husband in assumpsit one-half the rentals received by him for land which the divorced parties held by entireties. We note in passing, that later, the Act of May 24, 1923, P. L. 446, was passed to provide remedies for dispute between such parties before divorce as well as after in certain circumstances, and that this act was followed by another, approved May 13, 1925, P. L. 649.

The rule applied in the O'Malley case has no application to this record. Here the parties were not divorced. The wife is not mentioned in, or otherwise a party to the lease. The husband was the lessor and the tenant entered under him and held peaceable, uninterrupted possession under him during the period in question. No fraud was involved. If the husband alone had the right to make the lease, (which it is unnecessary now to decide) there is nothing to indicate that he acted for his wife in making it. It is settled, that even if a lessor acts and signs as agent for an undisclosed principal, the lessee does not become the tenant of an unknown landlord: Seyfert v. Bean, 83 Pa. 450, 453; see also Holt v. Martin, 51 Pa. 499, 503; Bedford v. Kelly, 61 Pa. 491, 493. This tenant is subject to the old rule applied in Farmers National Bank v. Fuel Co., 215 Pa. 115, 117, as follows: "......quo-

ting from Trickett on Landlord and Tenant in Penna. 756. 'By accepting a lease and the possession of the premises in pursuance of it, the tenant precludes himself from effectively refusing to pay the rent on account of the defects of the title of the lessor. He may be compelled to pay the rent, despite such defects, if any, and therefore proof of such defects is irrelevant and inadmissible in actions of assumpsit for the rent.' The rule that a tenant cannot impeach or question the title of his landlord, except for fraud, applies also when the tenant has vacated the premises before the rent sued for has accrued: Howard v. Murphy, 23 Pa. 173.'' See too Hamilton v. Pittock, 158 Pa. 457.

The judgment is reversed and the record remitted with instructions to re-instate the defendants' motion for judgment n. o. v., and to dispose thereof in accordance with this opinion.