## Tichman v. Rubin et al.

*Hyman Schwartz,* for plaintiff; *Alexander Brian,* for defendants.

ALESSANDRONI, J., January 29, 1932.—The plaintiff replevied various articles which had been distrained for rent due on premises No. 5100 Stenton Avenue. An affidavit of defense and counterclaim was filed in which the defendants deny wrongful possession of the plaintiff's goods and chattels, and in the counterclaim it is set forth that the plaintiff leased the premises located at No. 5100 Stenton Avenue, Philadelphia, for a rental of $80 per month, for a term of three years, said lease being signed by the defendant, Nathan Rubin, as lessor. It is averred that the monthly rental of $80 became due in advance on August 1, 1931, and the plaintiff paid $35, leaving a balance of $45 due for the month of August, and that the sum of $80 became due on September 1, 1931, making a total of $125 due for rent at the time the distraint was made on September 2, 1931.

The reply to the counterclaim sets up two defenses. It is first defended that Nathan Rubin was not the owner of the property in question and, therefore, has no right of action. It is firmly established that a tenant cannot question the title of his landlord in an action for rent. The rule is stated in Gassner *v.* Pierce & Llewellyn, 87 Pa. Superior Ct. 170, as follows:

" 'By accepting a lease and the possession of the premises in pursuance of it, the tenant precludes himself from effectively refusing to pay the rent on account of the defects of the title of the lessor. He may be compelled to pay the rent, despite such defects, if any, and therefore proof of such defects is irrelevant and inadmissible in actions of assumpsit for the rent.' The rule that a tenant cannot impeach or question the title of his landlord, except for fraud, applies also when the tenant has vacated the premises before the rent sued for has accrued: Howard *v.* Murphy, 23 Pa. 173."

The plaintiff also sets up by way of defense that the lease contains a clause stating that premises located at No. 5044 Stenton Avenue "shall not be rented for a similar business as intended in above premises, viz.: 'Delicatessen.' " It is averred that prior to August 1, 1931, the defendant, Nathan Rubin, together with the legal owners of the premises in question, leased No. 5044 Stenton Avenue to a tenant for a delicatessen business, and on or about August 1, 1931, said tenant began conducting a delicatessen business at No. 5044 Stenton Avenue. Plaintiff alleges that by reason of this breach of covenant the plaintiff sustained injury in that the good-will of his store was destroyed and he was obliged to liquidate his business. Defendant contends that this does not constitute a valid defense to the counterclaim. The breach of a covenant in a lease entitles the ten-

ant to an action for money compensation. In this way it differs from a breach of condition, which may terminate the lease: Trickett on Landlord and Tenant (2nd ed.) 432. The plaintiff, in his argument, endeavors to raise a constructive eviction from the breach of the covenant in question, but we cannot so find. In fact, the reply merely sets up the breach of covenant as an item of compensation and not as ground for terminating the lease. The plaintiff's right of action lies in a suit for monetary damages and in fact such action has already been taken. Plaintiff's reply in effect is a counterclaim to defendant's counterclaim. There is no statutory or other justification for such pleadings in a replevin action.

For the above reasons, judgment must be entered for the defendant, Nathan Rubin.

And now, to wit, January 29, 1932, the rule for judgment for want of a sufficient reply to the counterclaim is made absolute and the prothonotary is directed to enter judgment in favor of the defendant, Nathan Rubin, and against the plaintiff in the sum of $125. An exception to this action is hereby noted for the plaintiff.