## Rizzio v. Passalacqua et ux.

*T. W. Maher*, for plaintiff.

*D. J. Colubiale*, for defendants.

BOK, P. J., March 17, 1948.—Defendants leased the property they now occupy from a real estate agent, who in turn assigned the lease to present plaintiff. The lease was signed in July 1943 and assigned to plaintiff in December of the same year.

Defendants paid rent to the agent until the lease was assigned, and have since paid it to plaintiff. They stopped paying in September 1947 and the result was a judgment in ejectment. Now before us is a rule to open the judgment.

The lease was signed after the real owners of the property died, and the tenants are fearful lest they be made to pay rent over again to the heirs. The record shows the property to be still in the names of the deceased owners as tenants by the entireties. If there was a will or an administration, nothing appears of it.

Exhibit A to the petition to open is a power of attorney from the owners to plaintiff, empowering him to act as caretaker, rent the property, collect rents, pay expenses, pay the undertaker, and keep the balance.

The parties have agreed to be heard on the question of law, depositions being unnecessary. While fraud is alleged, it appears to turn on a legal pivot—fraud if the law is one way, and not fraud if it be the other way.

Both parties also agree on the general legal proposition that a tenant cannot impeach his landlord's title: Ewing v. Cottman, 9 Pa. Superior Ct. 444 (1899); Babcock Lumber Co. v. Allison, 136 Pa. Superior Ct. 353 (1939).

Defendants urge no exception to this rule except the one of fraud, and that raises the sole legal question they advance. They assert that the power of attorney to plaintiff fell with the death of the owners, and that in consequence plaintiff has no right to collect the rent.

Probably defendants are right on this legal point: Hartley's & Minor's Appeal, 53 Pa. 212 (1866); Blackstone v. Buttermore, 53 Pa. 266 (1866); Wood v. Kerkeslager, 225 Pa. 296 (1909). But we regard the point as immaterial.

Defendants need rely only on their lease and its assignment until a paramount title is asserted. The power of attorney does not concern them, for there may be other arrangements they know nothing about: there may be a will, as yet unprobated, that leaves the property to plaintiff, or there may be an unrecorded deed from the owners to plaintiff. There may be no heirs, or if there are, they may have assigned their share in the estate to plaintiff.

Tenants have no burden to find out which of dozens of possibilities may be true or false. The rule that tenants may not impeach their landlord's title also protects the tenant against having to ensure the existence of one from point to point during their tenancy.

Defendants did not lease the property from plaintiff but from Frank Giacobbo & Brothers, agent. No question has been raised as to the authority of this agent to lease, and hence their contract with him fully protects them. This unquestioned authority is the root of their situation, for since an assignee stands in the shoes of his assignor, plaintiff got by the assignment the original authority of the agent. Tenants must pay rent to the person with whom they contract, despite

any defects in the lessor's title, and they cannot even show that the lessor's agency has been revoked: Holt v. Martin, 51 Pa. 499 (1866) ; Seyfert v. Bean, 83 Pa. 450 (1877) ; Farmers National Bank v. Fuel Co., 215 Pa. 115 (1906) ; Mineral, etc., Co. v. Flaherty, 24 Pa. Superior Ct. 236 (1904) ; Gassner v. Pierce & Llewellyn, 87 Pa. Superior Ct. 170 (1926).

Plaintiff's position stems from Giacobbo under the assignment, not from the power of attorney, so far as defendants are concerned. They must therefore pay rent to Giacobbo or his assignee.

The rule to open the judgment is therefore discharged.