Daniel, J.
 

 We are of the opinion that the charge of the Judge was correct. The general rule
 
 is,
 
 that sanity is to be presumed until the contrary be proved; and when an act is sought to be avoided, on the ground of mental imbecility, the proof of the fact lies on the person who alleges it. On the other hand, if a general derangement be once established, or conceded, the presumption is shifted to the other side, and sanity is then to be shown at the time the act was done, 3 Kent’s Com. 451, (3d ed.) 3 Bro. 441. 13 Ves. 88.
 
 Jackson
 

 
 *25
 
 v
 
 Vanduson,
 
 5 Johns. Rep. 144. The case states, that the defendant was the tenant of Meredith Ballew; and, we understand, that the lessee of the plaintiff contended that the law would not allow the said Meredith to stultify himself, or any other person to do it except his heir at law after his death. In 3 Kent’s Com. 451, it is said, that the party himself may set up, as a defence and in accordance of the contract, that he was
 
 non compos mentis,
 
 when it was alleged to have been made. The principle advanced by
 
 Littleton
 
 and
 
 Coke,
 
 that a man shall not be heard to stultify himself, has been properly exploded, as being manifestly absurd, and against natural justice.
 
 Yates
 
 v
 
 Bowen,
 
 Strange, 1104. Buller’s N. P. 172.
 
 Webster
 
 v
 
 Woodford,
 
 3 Day’s Rep. 90.
 
 Mitchell
 
 v
 
 Kingman,
 
 5 Pick. Rep. 431.
 
 Hill
 
 v
 
 Peet,
 
 15 Johns. Rep. 503. The Judge was right, we think, in permitting the defendant to contest the validity of the deed, on the ground of insanity in the supposed bargainor. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.