# Blackstone *versus* Buttermore.

1. It is only when a power of attorney constituting a mere agency is coupled with an interest in the thing itself, or the estate which is its subject, that it is irrevocable.

2. A mere power is in its nature revocable when it concerns the interest of the principal alone; even if there be an express declaration of irrevocability.

3. An interest in the proceeds to arise as compensation for executing the power will not make it irrevocable.

4. To make an agreement for irrevocability in a power to transact business binding, there must be a consideration independent of the compensation to be rendered for the services to be performed.

5. If the agent has expended money, time or labor upon the business, the principal, on revocation, would be liable to him on his implied assumpsit.

Error to the Court of Common Pleas of *Fayette county*.

This was an action of ejectment, by Henry Blackstone against George Buttermore, for a tract of land in Fayette county.

The foundation of Blackstone's claim was as follows:—

Buttermore, being the owner of the land in controversy, on the 15th day of February 1864 gave a power of attorney to Daniel R. Davidson to sell it for $25,000, on terms mentioned in the power, which concludes, "and I hereby ratify and confirm whatever contract he may make in accordance with the above authority, and hereby bind myself for its execution. This authority is irrevocable before the 1st day of May next."

Davidson, as attorney of Buttermore, on the 19th day of April 1864 entered into an article of agreement with Blackstone for the sale of the land, which Buttermore refused to carry out. There was evidence that Buttermore had revoked the power of attorney and Blackstone had notice of the revocation before he entered into the article with Davidson.

The court (Sterrett, P. J.) charged:—

"It is claimed by the plaintiff's counsel that the power of attorney to D. R. Davidson, being in terms 'irrevocable,' &c., could not be revoked by the defendant Buttermore; and more especially so, when taken in connection with the testimony as to the compensation which Davidson was to receive for selling the land.

"We cannot so instruct you. On the contrary we are of opinion that there is nothing in the power of attorney itself, or in the other evidence, or in both considered together, that could prevent

[Blackstone v. Buttermore.]

Buttermore from revoking the power to sell the land. And, if you find that he did revoke the power of attorney and that the plaintiff Blackstone had notice of the revocation before he entered into the articles of agreement for the purchase of the land, your verdict should be for the defendant."

The verdict was for the defendant, and the charge of the court was assigned for error.

*A. Patterson*, for plaintiff in error, cited Story on Cont. § 192; Story on Agency, § 476; 1 Pars. on Cont. p. 70, note *y*.

*D. Kaine* and *C. E. Boyle*, for defendant in error, cited Story on Agency, §§ 474, 476, 477; 1 Pars. on Cont. 59, note *h*; 2 Greenl. Ev. § 68 *a* and note; Hunt *v.* Rousmanier, 8 Wheat. 174; Coffin *v.* Landis, 10 Wright 426; Smyth *v.* Craig, 3 W. & S. 20; Bromley *v.* Holland, 7 Vesey 28; Bergen *v.* Bennett, 1 Caines C. 15; United States *v.* Jarvis, Davies' R. 287; Irwin *v.* Workman, 3 Watts 357; Peck *v.* Harriott, 6 S. & R. 148; 4 Bac. Abr. 140; Clarke *v.* Courtney, 5 Pet. 349; Bellas *v.* Hays, 5 S. & R. 437; Comb's Case, 9 Rep. 76 *b*; Vin. Abr. *Authority*, F., pl. 4; Paley on Agency 152, ch. 3, pt. 1, § 3; Fowler *v.* Shearer, 7 Mass. R. 14; Elwell *v.* Shaw, 16 Id. 42; Bogart *v.* De Bussy, 6 Johns. R. 94; McCulloch *v.* McKee, 4 Harris 289.

The opinion of the court was delivered, January 7th 1867, by

Agnew, J.—We have decided the substantial point in this case at the present term upon the appeal of Hartley & Minor from the Orphans' Court of Greene county, opinion by Thompson, J., *ante*, p. 212.

A power of attorney constituting a mere agency is always revocable. It is only when coupled with an interest in the thing itself or the estate which is the subject of the power, it is deemed to be irrevocable, as where it is a security for money advanced or is to be used as a means of effectuating a purpose necessary to protect the rights of the agent or others. A mere power like a will is in its very nature revocable when it concerns the interest of the principal alone, and in such case even an express declaration of irrevocability will not prevent revocation. An interest in the proceeds to arise as mere compensation for the service of executing the power will not make the power irrevocable. Therefore, it has been held that a mere employment to transact the business of the principal is not irrevocable without an express covenant founded on sufficient consideration, notwithstanding the compensation of the agent is to result from the business to be performed and to be measured by its extent: Coffin *v.* Landis, 10 Wright 426. In order to make an agreement for irrevocability

[Blackstone *v.* Buttermore.]

contained in a power to transact business for the benefit of the principal binding on him, there must be a consideration for it independent of the compensation to be rendered for the services to be performed. In this case the object of the principal was to make sale solely for his own benefit. The agreement to give his agent a certain sum and a portion of the proceeds, was merely to carry out his purpose to sell. But what obligation was there upon him to sell, or what other interest beside his own was to be secured by the sale? Surely his determination to sell for his own ends alone was revocable. If the reasons for making a sale had ceased to exist, or he should find a sale injurious to his interests, who had a right to say he should not change his mind? The interest of the agent was only in his compensation for selling, and without a sale this is not earned. A revocation could not injure him. If he had expended money, time or labor, or all, upon the business intrusted to him, the power itself was a request to do so, and on a revocation would leave the principal liable to him on his implied assumpsit. But it would be the height of injustice if the power should be held to be irrevocable merely to secure the agent for his outlay or his services rendered before a sale. The following authorities are referred to: Hunt *v.* Rousmanier, 8 Wheat. 174; Story on Agency, §§ 463, 464, 465, 468, 476, 477; Paley on Agency 155; 1 Parsons on Contracts 59; Irwin *v.* Workman, 3 Watts 357; Smyth *v.* Craig, 3 W. & S. 20.

The judgment is therefore affirmed.