### W. R. P. JONES v. J. A. HARRIS ET AL.

ARBITRATION AND AWARD.   *Submission.   Revocation.*

   A written agreement to submit to arbitration is, before award, revocable by a party who, for a valuable consideration, signs it with a surety.

APPEAL from the Circuit Court of Tate County.

Hon. SAM POWEL, Judge.

Partners, the appellant and J. A. Harris, differing about their final settlement, agreed, Feb. 24, 1878, in writing, signed by themselves and one Graham as Harris's surety, to submit their controversy to certain arbitrators and to abide by their decision. The arbitrators on Sept. 15, 1880, awarded in writing to the appellant the sum of eighteen hundred and eighty dollars. To a declaration in debt on the award, which alleged that the submission was based on a consideration of five hundred dollars paid to Harris, he and his surety pleaded that, after long delay and refusal to act by the arbitrators, Harris served on them, before they met, a written notice declining to be bound by their proposed arbitration and revoking any right or power which they supposed that they possessed under the submission. A demurrer to this plea was overruled, the appellant replied denying that the arbitrators' authority was revoked before the award, and there was a verdict for the appellees.

*Shands & Johnson*, for the appellant.

The submission, if on valuable consideration, could not be revoked, because it has the same force as any other contract;

and to permit the defendants to retain the money and avoid their agreement for which it was paid is to sanction a fraud. *McGheehen* v. *Duffield*, 5 Penn. St. 497; *Bank of Monroe* v. *Widner*, 11 Paige, 529; Morse on Arbitration and Award, 231. A power of attorney is irrevocable when based on valuable consideration. *Hunt* v. *Rousmanier*, 8 Wheat. 174. No injury resulted from lapse of time, and delay was not prohibited by the submission. Morse on Arbitration and Award, 599. Refusal to act is no ground of revocation, for the arbitrators acted, and the submission was not revoked. *Jones* v. *Harris*, 58 Miss. 293.

*Oglesby & Taylor* and *Frank Johnston*, for the appellees.

Revocation of the submission was the exercise of a common law right. Morse on Arbitration and Award, 236, 237. In the absence of statutory restrictions which exist in some States, and upon which the decisions cited by opposing counsel are based, a submission to arbitrators may be revoked before award, although it contains a stipulation to the contrary, and is on valuable consideration. *Marsh* v. *Packer*, 20 Vt. 198; *Davis* v. *Maxwell*, 27 Ga. 368; *Johnson* v. *Andress*, 5 Phila. 8; 6 Wait's Actions and Defences, 516; Morse on Arbitration and Award, 230. It is also revocable on the ground of the arbitrator's unreasonable delay and refusal to act. *Small* v. *Thurlow*, 37 Maine, 504; *White* v. *Puryear*, 10 Yerger, 441; *Curtis* v. *Potts*, 3 Maule & S. 145; Morse on Arbitration and Award, 107, 533, 534; 6 Wait's Actions and Defences, 518.

CAMPBELL, J., delivered the opinion of the court.

If Harris had the right to revoke the submission to arbitration, that is decisive of this case, for it is undisputed that he did revoke it. The right of either party to revoke a submission before award made, where the submission is not a rule of court, or regulated by statute changing the common law, is well settled and universally recognized. Morse on Arbitration and Award, 230; Caldwell on Arbitration, 76; Billing on Awards, 263; Kyd on Awards, 29. It matters not that the submission is by deed or that it contains a stipulation against the revocability of the submission. Same authorities, and 6 Wait's Actions and Defences, 516, § 6. Nor

can the fact that there was a valuable consideration for the agreement of one of the parties to submit to arbitration affect his right to revoke.

Morse on Arbitration and Award, 231, 232, countenances the idea that a consideration would affect the power of revocation, but the cases cited in support of that view do not sustain it. They are *McGheehen* v. *Duffield*, 5 Penn. St. 497, and *Bank of Monroe* v. *Widner*, 11 Paige, 529. The first was under a statute, and was a proceeding in court, and was besides a case of revocation of the submission after award made. The agreement to submit was held to be more than a mere submission, because it related to other matters and conferred other rights on the parties. In the other case, it was held that the revocation came too late, and was controlled by a statute applicable to it. Both of these cases are cited and remarked on, in § 6, p. 516, of 6 Wait's Actions and Defences, and are not there regarded as authorities against the right of either party to a common-law submission to arbitration to revoke it before award made, because of a consideration. We have found no hint of any such modification of the rule, except as stated above. At common law a seal stood for a consideration, and mutual promises were a sufficient consideration, each for the other, and yet a submission by deed, with reciprocal stipulations, and with a covenant against revocability, was held to be revocable, which shows that the existence of a consideration could make no difference as to the right to revoke a submission. This view renders a consideration of any other question in this case unnecessary.

*Judgment affirmed.*