OREGON & W. MORTG. SAV. BANK *v.* AMERICAN MORTG. CO.

*(Circuit Court, D. Oregon. May 7, 1888.)*

1. PRINCIPAL AND AGENT—REVOCATION—POWER COUPLED WITH AN INTEREST.
    An agency or authority, coupled with an interest in the subject-matter thereof, may be revoked by the principal in pursuance of a stipulation or reservation to that effect in the instrument constituting the agency or authority.

2. SAME.
    An agency to loan the principal's money in his name, and collect the interest thereon, in consideration of an annual commission on the existing amount of such loans, to be retained by the agent out of the annual interest thereon when collected by him, is not an agency coupled with an interest in the subject-matter thereof, and may be revoked by the principal at his pleasure.

3. ARBITRATION AND AWARD—SUBMISSION—REVOCATION.
    A submission to arbitration, where the same is not made a rule of court, or otherwise regulated by statute, may be revoked by either party thereto, at any time before an award is made, and the remedy of the adverse party, if he is damaged thereby, is by an action on the agreement to submit.

*(Syllabus by the Court.)*

At Law. On demurrer.

*Albert H. Tanner*, for plaintiff.

*John M. Gearin*, for defendant.

DEADY, J. This action is brought by the plaintiff, a corporation formed under the laws of Oregon, against the defendant, a corporation formed under the laws of Great Britain.

There are three causes of action stated in the complaint, to each of which the defendant demurs because the facts stated do not constitute a cause of action.

In support of the first claim it is alleged that on October 10, 1882, the parties made an agreement by which the plaintiff undertook to act as the sole agent of the defendant in the business of loaning money in Oregon, Idaho, and Washington, "upon an actual commission or remuneration to be received from and upon the interests actually collected from loans;" that the plaintiff, as such agent, was to keep the defendant "harmless" from all claims for taxes levied on such loans, for which it was to receive 1 per centum yearly on the existing amount thereof; and also to bear all the expense of making such loans and enforcing the payment thereof, if necessary, for which it was to receive 1½ per centum yearly on the existing amount thereof, to be deducted in each case "from the interests it may collect thereon;" that "if the mortgage company (the defendant) should desire at any time to cease loaning in Oregon, Idaho, and Washington, through the agency of the said bank, (the plaintiff,) or if the latter should desire to resign the agency of the mortgage company, each shall be entitled and bound to give the other three months' notice of said proposed termination, so that loans intended to be made for the mortgage company in the future shall be directed and applied by the bank elsewhere," and that in pursuance of such provision the agency was terminated on September 15, 1887; that the plaintiff entered on the business of such agency and continued in the same until such termina-

tion, and during said period made "numerous" loans, a large number of which were then outstanding, which the plaintiff was entitled to and offered to collect as they became due, and "was and is entitled to receive commissions on such loans until the same are paid off," on which account there is now due the plaintiff the sum of $25,713.72.

The second cause of action consists of a claim for $779.29, laid out and expended by the plaintiff in the business of such agency for the use and benefit of the defendant; and the third one consists of a claim for $20,000 damages, alleged to have been sustained by the plaintiff by reason of the defendant's revocation of a submission of the matters in dispute under said agreement to arbitration.

On the argument of the demurrer, it was admitted that it was not well taken, as to the third cause of action.

Either party may revoke a submission to arbitration at any time before an award where the submission is not made a rule of court, or otherwise regulated by statute. And the remedy of the other party is an action on the agreement to submit, to recover the damages, if any, caused by such revocation. *Allen* v. *Watson,* 16 Johns. 205; *Jones* v. *Harris,* 59 Miss. 214.

Of the gross amount of damages claimed on this account, only $1,529 is itemized in the bill of particulars filed with the complaint, $1,000 of which is for "attorney fees." But however improbable it may be that this amount of damage, or any considerable portion thereof, could have been caused by this revocation, the defense to the claim must be made by answer, and not demurrer. The second cause of action, as shown by the bill of particulars, consists of sundry items of expense incurred by the plaintiff in making and enforcing the payment of loans, and the payment of taxes thereon, as provided in the agreement, except two, amounting to $38.56, for taxes paid on land. Under the agreement, the plaintiff, in consideration of the commission it received, was bound for all these expenses except those incurred in the payment of taxes on land. The demurrer to this cause of action is sustained except as to these two items of taxes.

The first cause, as I apprehend it, consists of sundry items of annual commissions on loans which the plaintiff made prior to the termination of its agency, on September 15, 1887, and which it alleges it would be entitled to retain and receive out of the collections of interest due and to become due thereon until they were fully paid and discharged.

The demurrer to this cause of action assumes that by the terms of the contract between the parties, when the agency is terminated by either of them, it is terminated *in toto,* and that the plaintiff's right to collect the loans of the defendant, and have or retain a commission therefor, is then at an end. The plaintiff, however, contends that the termination of the agency under the contract only applies to future business or loans, and that, as to loans then made and outstanding, the plaintiff is entitled to the management and control of the same, and to receive and have compensation therefor, as though the notice to terminate had not been given.

It is not alleged in the complaint which party to the contract gave

the notice to terminate the agency. It was admitted on the argument, however, that it was done by the defendant. But the omission is not material, as the subsequent relation of the parties and that of the plaintiff to the loans then made and outstanding would be the same in either case. Neither is it alleged that the defendant has refused to allow the plaintiff to collect the interest on these loans and retain the commission for its services, but on the argument the refusal was taken for granted, and for the purpose of the demurrer will be so considered.

The provision of the agreement concerning the limitation of the agency, leaving out the added clause, commencing, "so that the loans," is neither obscure nor ambiguous. The object of this clause seems to be to state the reason for requiring notice of the termination of the agency. But it is not apparent how it qualifies the language or effect of the provision for notice. If it has any meaning or purpose,—which counsel would not undertake to say,—it may be this: the plaintiff will thereby have time to look "elsewhere" for money with which to make loans it may be negotiating when the notice is received. Still the use of the words "directed" and "applied," in that connection, are very vague and purposeless, and it is not at all certain what the writer of the clause had in his mind, or that the parties to the instrument had, when they executed it, any idea of its significance or purpose.

There being no provision in the contract for the continuance of the agency for any prescribed period, it might, but for the provision concerning notice, have been terminated at the pleasure of either party. As a restraint on this right, and to prevent the inconvenience that might follow from a sudden rupture of the relation between the parties, the clause requiring notice was inserted. If, notwithstanding the termination of the agency, there is still left to the plaintiff an interest in or control over the business of the then outstanding loans, it is not recognized or provided for where it would most naturally be found,—in the provision concerning the termination of the employment.

Neither is there anything in the nature or purpose of the contract, or in any of the other provisions therein, which gives support to the proposition, but on the contrary, the agency was merely for the negotiation of specific loans, and the collection thereof when due, for which the agent was to receive a commission of $1\frac{1}{2}$ per centum yearly on the whole amount then loaned and outstanding, and a further percentage of 1 per cent. on such loans in consideration of saving the defendant from the payment of taxes on the same. When the agent had a proposition for a loan the same was forwarded to the principal, in Scotland, when, if it was accepted by the latter, a sum equal thereto was placed to the credit of the agent on the books of the principal, for which the former then drew on the latter. All notes and mortgages received on loans were required to be immediately forwarded to the principal, where they were kept until returned, when due, for collection.

But it is claimed that the plaintiff, as to the outstanding loans negotiated by it, is an agent with an interest, and therefore the agency is so far irrevocable.

The general rule is, that a principal may revoke the authority of his agent at his pleasure. To this there are some exceptions, one of which is, where the principal has expressly stipulated that the authority shall not be revoked, and the agent has an interest in its execution. But both these circumstances must concur; for, if the agent has no interest in its execution, it may be revoked, although it contains a stipulation to the contrary. Story, Ag. §§ 462, 476.

And where an authority or power "is coupled with an interest," or is given for a valuable consideration, or is part of a security from its nature and character, in contemplation of law, it is irrevocable, unless there is an express stipulation to the contrary. Id. § 447. And see *Hunt* v. *Rousmanier*, 8 Wheat. 203.

There was no consideration paid for this agency, nor was it given or intended as a security to the plaintiff for any purpose. Neither is it an authority "coupled with an interest." The title to or property in the money loaned was not, by the terms of the agency, vested in the plaintiff, but remained in the defendant. To constitute a case of an agency or power "coupled with an interest," the property in the thing which is the subject of the agency or power must be vested in the person to whom the agency or power is given, so that he may deal with it in his own name. *Hunt* v. *Rousmanier*, 8 Wheat. 203.

The plaintiff was simply employed to loan the money of the defendant and to collect the same, with the interest thereon, as it became due, for a compensation proportioned to the amount of the business done. It has no interest in the loans or the gains arising therefrom, except the amount it was entitled to retain out of the latter when collected, and not before, in payment of its services. But were this otherwise, and even admitting that the agency of the plaintiff was coupled with an interest in the outstanding loans, so far as the right to collect the interest accruing thereon is concerned, yet the agreement between the parties expressly provides that the agency shall be revocable by the defendant on 90 days' notice to the plaintiff. With the giving of this notice, the employment of the plaintiff terminated, and although it may thereby have lost a lucrative business, in the contemplation of law it has not been deprived of anything that belonged to it, or in which it had any property interest, and therefore has no right to complain.

The demurrer to this cause of action is sustained.