## ROBINETT v. HAMBY.

(Filed April 21, 1903.)

1. SPECIFIC PERFORMANCE — *Abandonment* — *Contracts* — *Bond* — *Bonds for Title.*

　　The evidence in this case is sufficient to be submitted to the jury to show abandonment of a bond for title to land.

2. SPECIFIC PERFORMANCE—*Abandonment*—*Waiver*—*Bonds* — *Bond for Title*—*Evidence.*

　　Parol waiver of a written contract to convey land, amounting to a complete abandonment, will bar specific performance, but the acts and conduct constituting such abandonment must be positive, unequivocable, and inconsistent with the contract.

ACTION by N. H. Robinett against C. L. Hamby, heard by Judge *H. R. Starbuck* and a jury, at October Term, 1901, of the Superior Court of WILKES County. From a judgment for the defendant, the plaintiff appealed.

*Glenn, Manly & Hendren,* and *W. W. Barber,* for the plaintiff.

*Finley & Greene,* for the defendant.

CLARK, C. J.　The defendant executed to Eli Wolfe 16 October, 1895, a bond to make title for the land in controversy. The notes for purchase money ($250) were all paid except one note for $50, due 16 October, 1896. This note the defendant assigned in 1897 to one Vannoy for $39 he

owed him, Vannoy to pay the overplus, when collected, to defendant. In September of that year the mill and dam were washed away by a freshet. On 7 December, 1898, Vannoy learning that the land had thus become valueless obtained. judgment against Wolfe on the $50 note. In the summer of 1900 the defendant commenced paying off the amount he owed to Vannoy and by January, 1901, had paid it up. In January, 1901, the plaintiff, who had a controversy pending with defendant over this land, obtained Wolfe's bond for title, "paying him $1 or $2" therefor and soon after began this action, averring his readiness to pay the balance of the purchase money and asking that defendant be decreed thereupon to execute a deed for the premises. The answer alleges abandonment of the contract, and that plaintiff is not a *bona fide* owner of the bond, but that if he is he shall be adjudged to pay balance of purchase money and for the improvements placed on the property by the defendant before recovering possession.

The sole controversy raised by the exceptions is whether Eli Wolfe had abandoned his contract of purchase prior to his assignment of the bond to the plaintiff. Upon this point it was in evidence that soon after the $50 note fell due the defendant called on Wolfe for payment and on his failure to pay notified him the note would be transferred to Vannoy, as above stated; in September 1898, freshet, the mill and dam were washed away and the bare land was worth nothing, it being a rough bluff, only of value as a mill site. There was evidence by defendant that "Eli Wolfe told him that what was left of the property was not worth half the debt against it, that he was not going to have anything more to do with it and was going to move away." Two other witnesses testified to substantially the same and a fourth witness testified that "after the freshet Eli Wolfe told him he was going to move away, that he would not pay a cent on the note." When

sued on the note December, 1898, Wolfe did not attend trial and the same month moved off. In the fall of 1899 Hamby took possession of the property, began rebuilding the dam and mill and in 1900 employed Eli Wolfe and his son to get boards to cover the mill and paid them therefor. There is testimony for plaintiff that in 1900 defendant agreed to give Wolfe's unpaid note to his daughter, who had married Wolfe's son, Lemuel, and that Wolfe gave the bond for title to Lemuel, who ran the repaired mill in partnership with his father-in-law, but soon becoming dissatisfied Lemuel moved off and defendant paid him for his labor; that Lemuel returned the bond for title to his father. The defendant remaining in possession spent in repairs on the mill and building a pin factory $400, according to his testimony. Plaintiff admitted that he gave Wolfe only $1 or $2 for the bond. This is substantially the evidence omitting some details.

The first exception that the court refused to charge that "there is no evidence of the abandonment of his bond for title on the part of Eli Wolfe," was properly refused. The only other exception is to this part of the charge: "The plaintiff is entitled to have specific performance of the contract, unless, before the assignment to plaintiff of the title bond, the contract set out in said instrument had been abandoned by Eli Wolfe and the defendant; the contract is presumed to have remained in force and the burden is on the defendant to clearly satisfy you that the contract was abandoned by mutual consent, that is, was considered and treated by both said Wolfe and defendant as no longer in force; to establish the alleged abandonment, the defendant is required to clearly prove acts and conduct of said Wolfe inconsistent with the idea that he intended to perform the contract on his part and assert his rights thereunder, and which, on the contrary, unmistakably show that he relinquished and renounced all rights and interest in the land under said contract, and the defend-

ant must further clearly prove that he himself assented to the abandonment of the contract and treated and considered it as being no longer in force." The plaintiff has no good ground to complain of this charge, which is a correct statement of the law as to abandonment. "It has long been settled that a parol waiver of a written contract within the Statute of Frauds amounting to a complete abandonment and clearly proved will bar specific performance." *Holden v. Purefoy,* 108 N. C., p. 167, and cases there cited. "But it is clear that the acts and conduct constituting such abandonment must be positive, unequivocal and inconsistent with the contract." *Faw v. Whittington,* 72 N. C., 321; *Miller v. Pierce,* 104 N. C., p. 389. The jury must have so found the fact to be, under the charge given.

The rest of the charge not being excepted to is presumed correct and hence is not sent up, the case merely stating "The court presented to the jury the contention of the parties, arising upon the evidence as to the question of abandonment." To the first issue "Is the plaintiff entitled to have specific performance," the jury responded "No," and hence did not pass upon the others. It may be that the jury decided that plaintiff was not the *bona fide* holder of the bond or that the price paid, "$1 or $2," was merely evidence corroborative of previous abandonment. It does not appear how this was.

Eli Wolfe not being a party to this action the court did not and could not pass upon any question as to his right to a cancellation of his unpaid bond or rather of the judgment into which it had been merged. As the jury find in effect that there was a mutual abandonment of the contract, the judgment should have provided for a cancellation of the Vannoy judgment if Wolfe had been a party to this action and asked it.

No Error.