In re Will of GEORGE V. CREDLE, GEORGE T. CREDLE, Caveator.

(Filed 18 September, 1918.)

**1. Wills — Execution — Admissions—Mental Incapacity—Undue Influence—Burden of Proof.**

Upon proceedings to *caveat* a will, the burden of proof as to mental incapacity and undue influence is upon the *caveator* when he admits that the paper-writing was duly and formally executed by the testator therein.

2. **Wills—Insanity — Presumptions—Mental Disturbances—Evidence—Burden of Proof.**

 The presumption of the continued mental incapacity of the testator to make his will, when mental derangement has been shown a short time prior to its execution, applies to cases of general or habitual insanity, and not to those of intermittent and occasional mental disturbances, which, under the circumstances of this case, are held to be too indefinite and lacking in directness to place the burden of proof on the propounders and take the case to the jury.

Issue of *devisavit vel non,* tried before *Bond, J.,* at July Term, 1918, of Hyde.

These are the issues:

1. Were the paper-writings propounded as the last will and testament of George V. Credle and codicil thereto, written, signed, witnessed, and executed in accordance with the formalities required by law for execution of a valid last will and testament and codicil to same? Answer: Yes.

. 2. At the time of execution of said paper-writings, did said George V. Credle have sufficient mental capacity to make and execute a valid will and codicil to same? Answer: Yes.

3. Was the execution of either of said paper-writings procured by undue influence? Answer: No.

4. Is said paper-writing and said codicil propounded and every part of both the last will and testament and codicil to same of said George V. Credle? Answer: Yes.

The answer to the first issue was agreed to, and the court charged the jury that there was not sufficient evidence upon the second and third issues to warrant a finding for the *caveator.* The latter excepted and appealed.

*Ward & Grimes for propounders.*
*Spencer & Spencer and H. C. Carter, Jr., for caveator.*

Brown, J. The execution of the will being admitted, the court placed the burden of proof upon the second and third issues upon *caveator,* and charged the jury as recited. The only assignment of error is directed to the sufficiency of the evidence.

We agree with the learned judge that the evidence of incapacity is too indefinite and too lacking in directness to justify a verdict upon the second issue, and there is absolutely no evidence of undue influence.

The rule that when insanity is proved to have existed at any particular time, it is to be presumed to continue, applies only to cases of general or habitual insanity. Therefore, where a general mental derangement or lunacy is shown to have existed not very long prior to the execution

of a will, the burden of proof as to the sanity of the testator is thrown upon the propounder to show that when the will was executed the testator was of sound mind. *Hudson v. Hudson,* 144 N. C., 449; *Ballew v. Clark,* 24 N. C., 23.

But no presumption of continued insanity arises from intermittent and occasional mental disturbance of a temporary character. *S. v. Sewell,* 48 N. C., 245. The evidence in this case discloses nothing more than an occasional mental disturbance. We think the *caveator* has failed to offer sufficient evidence to justify the jury in finding that when he executed the will, on 24 February, 1905, the testator was *non compos mentis.*

No error.