## WILLIAMSON REAL ESTATE COMPANY v. ALEXANDER SASSER.

(Filed 5 May, 1920.)

1. **Statutes— Partnerships— Contracts— Actions— Police Regulations— Retroactive Effect—Amendments.**

No vested interest can be acquired under a statute relating to the police regulations of the State and Ch. 2, Laws of 1919, repealing the provisions of Ch. 77, Laws of 1913 to the extent that the former statute denies a recovery by a partnership in a civil action that has not complied with its provisions, applies to pending actions and transactions prior to its enactment, there being no saving clause therein and nothing to show its effect should not be retroactive.

2. **Statutes — Legislative Powers — Amendments — Contracts — Vested Rights.**

A legislature has power, when it interferes with no vested right, to validate contracts or to ratify and confirm any act it might lawfully have authorized in the first instance.

3. **Statutes—Amendments—Interpretation.**

The amendment should be construed with the act it amends, considering the evils arising under the old law and the remedy provided by the amendatory act which shall best repress the evils and advance the remedy.

4. **Principal and Agent—Revocation—Damages—Expenses—Value of Services Rendered—Quantum Meruit.**

The interest of the agent in a contract authorized by his principal which will prevent the revocation of the authority of the latter, must be in the subject matter of the power, and not merely relate to the agent's compensation for its execution; and where the principal contracts for the sale of his land by an agent, the latter to receive whatever he could get for the land over a certain price, and there is no covenant not to revoke, the former may at any time revoke the power before the completion of the deal, leaving the remedy of the latter, an action for damages for the expenses incurred by him, and reasonable compensation for the worth of his services rendered before the revocation, and in the contemplation of the parties at the time of making the contract.

32—179

CIVIL ACTION, tried before *Connor, J.,* at November Term, 1919, of WAYNE, upon these issues:

"1. Did plaintiff sell the land described in the complaint for $26,000, as alleged? Answer: 'Yes.'

"2. What sum, if any, are the plaintiffs entitled to recover of the defendant? Answer: '6,000, with interest from 30 June, 1917.'"

From the judgment rendered defendant appealed.

*Allen, Langston & Taylor for plaintiff.*
*Stevens & Beasley and W. S. O'B. Robinson for defendant.*

BROWN, J. This action is brought to recover damages for a breach of the following contract executed by plaintiffs and defendants:

June 12, 1917.

I have employed Williamson Real Estate Company to sell for me my land situated in the county of Wayne, State of North Carolina, to wit: Portions of the Jim Williams, C. B. Elmore, and Chas. Dennings lands, containing 133 acres, more or less, located 2 miles west of Mt. Olive, at the price of $20,000 for entire tract on the following terms: One-half cash, balance in three annual payments of six per cent interest, and for the sale of which they are to have a commission of all above $20,000, if the same is sold on or before 15 November, 1917, from this date. Said Williamson Real Estate Company to pay all costs of advertising they may choose to do. Land to be sold in one or more tracts.

This 12 June, 1917.

This agreement allows said Williamson Real Estate Company said commission whether sold by them or any one else.

A. SASSER,
WILLIAMSON R. E. Co.,
By Fred R. Mintz.

It is contended that the plaintiffs cannot recover because their organization is a copartnership, and that they did not comply with the act of 1913, ch. 77. We are of opinion that the case is on all fours with *Courtney v. Parker,* 173 N. C., 479, and that plaintiffs could not recover but for the amendment to the statute, ch. 2, Public Laws 1919, as follows:

"Provided, however, that the failure of any person or persons owning, carrying on, conducting, or transacting business as aforesaid to comply with the provisions of this act, shall not prevent a recovery by said person or persons on any civil action brought in any of the courts of the State of North Carolina."

This amendment plainly applies to pending actions and to transactions prior to its enactment. There is no saving clause in it and in the absence of that it has a retroactive effect. 36 Cyc., 1164.

The act of 1913 is a mere police regulation, as is said in *Courtney v. Parker, supra,* and in *Jennette v. Coppersmith,* 176 N. C., 84. Being a police regulation and liable to be abolished at any time it necessarily follows that defendant acquired no vested right under it. It is merely a penal statute, and no one could acquire such vested right. 6 Ruling Case Law, sec. 296, and cases cited. Also, sec. 306. Persons dealing with those who had not complied with the act take the chances of the Legislature repealing or modifying it at any time.

A legislature has power, when it interferes with no vested right, to validate contracts or to ratify and confirm any act it might lawfully have authorized in the first instance. *Board of Education v. Blodgett,* 31 L. R. A., p. 70; Cooley, Const. Lim., 374; 36 Cyc., p. 1222; 36 Cyc., pp. 1164-1165; *Dyer v. Ellington,* 126 N. C., 941.

Amendments are to be construed together with the original act, to which they relate, as constituting one law. The old law should be considered, the evils arising under it, and the remedy provided by the amendments adopted, which shall best repress the evils and advance the remedy. 36 Cyc., 1164, and cases cited.

So we see there is nothing in the statute as amended that bars a recovery of damages.

The defendant contends that the court erred in instructing the jury if they believed the evidence to answer the second issue $6,000.

In this we think there was error.

There is evidence that on 13 June the defendant told plaintiff that his wife would not agree to sign the deed and to stop the matter where it is now. We understand this evidence to be denied by plaintiff, who contends that the contract was reaffirmed by defendant's letter of 6 July.

This question should have been submitted to the jury under a proper issue, and with appropriate instructions.

The learned judge evidently held that the contract was irrevocable in its nature.

The instrument is a naked power to sell the property with a commission for selling payable out of the proceeds of sale over and above a certain amount. The commission is dependent entirely upon its execution, which is dependent upon the good will of the principal. Besides, there is no stipulation in it covenanting not to revoke. *Oregon Savings Bank v. Am. Mtge. Co.,* 35 Fed., 22.

Speaking of the revocation of a similar power, the Supreme Court of Illinois says, in *Bonney v. Smith,* 17 Ill., 531: "Another class is where the attorney has an interest *only* arising out of the execution of the power, as in the proceeds, as a compensation for the business of its execution. This power is of the latter class and revocable by the principal, although the principal might perhaps be liable to the agent or

attorney for any damages sustained." *Montague v. Carroll,* 15 Utah, 318; *Walker v. Hancock Ins. Co.,* 80 N. J. Law., 342.

The consideration which is necessary to make a power, such as we are considering, irrevocable, must be independent of the compensation to be rendered for the services to be performed. *Blackston v. Buttermore,* 53 Pa., 266; *McMahon v. Burns,* 216 Pa., 448. In *Joyner v. Drake* (Miss.), 41 So. Rep., 372, it is held that a contract giving one the exclusive agency for a year to sell a tract of land on commission may be revoked at any time prior to the sale, being without mutuality.

In 21 Ruling Case Law, p. 810, sec. 46, it is said: "There seems to be no doubt that a power coupled with an interest cannot be revoked, but the interest required is an interest in the subject of the power, and not an interest in that which is to be produced by the exercise of the power."

Even where the principal wrongfully revokes an agency, the courts will not compel the principal to specifically perform it, but will leave the agent to his action for damages. Corpus Juris, 534.

We find the great weight of authority to hold that a power such as the one under consideration is not irrevocable.

If the contract was revoked the plaintiff is entitled to recover the damages sustained, but not the six thousand dollars stipulated in the contract. There was no sale of the property, although there is evidence of an agreement to sell for $26,000. The plaintiff was to receive as a commission all of the proceeds of sale over $20,000. But there were no proceeds of sale, and, consequently, there could be no commission. The plaintiff would be entitled to recover as damages all expenses incurred and labor performed and such reasonable compensation as his services performed prior to revocation were worth, and within the contemplation of the parties when the contract was entered into.

"If the jury should find that the defendant did not revoke the contract, and that plaintiff succeeded in making a *bona fide* sale of the property, and that defendant refused or failed to carry out the contract on his part, then the plaintiff would be entitled to have estimated in the assessment of damages loss of profits actually sustained by reason of defendant's failure to perform the contract on his part when called on to do so."

We need not consider the exceptions relating to the rejection of parol evidence of an agreement that the contract was not to be in force unless defendant's wife consented. This may not arise on another or the necessary amendment to the answer setting it up may be allowed.

New trial.