B. E. HAGOOD v. J. C. HOLLAND ET AL.

(Filed 9 March, 1921.)

1. **Principal and Agent—Contracts—Revocation—Evidence—Issues—Appeal and Error.**

A contract of agency for the sale of land for an indefinite and unstated time may be revoked at will by the owner, in the absence of agreement or covenant to the contrary, and in the agent's action to recover damages for the owner's breach, it is reversible error for the judge to refuse to submit an issue thereon, tendered by the plaintiff, when there is evidence thereof. *Real Estate Co. v. Sasser,* 179 N. C., 497, cited as controlling.

**2. Same—Damages.**
> Evidence that the agent for the sale of lands has bought the interest of
> of his copartner in the contract of agency, for a certin sum, is incompetent
> in the agent's action against the owner on the question of damages arising
> from the exercise by the owner of his right of revocation.

APPEAL by defendants from *Bond, J.,* at November Term, 1920, of
CRAVEN.

Civil action, brought to recover damages for an alleged breach of con-
tract, the material parts of which were as follows:

26 August, 1919.

I have employed Hagood-Grantham Real Estate Company to sell for
us our farm situate in the county of Jones, State of North Carolina,
to wit: (here appeared description of property), at the price of $20,000
net, on the following terms:   One-third cash, balance three years, 6 per
cent interest, if the same is sold by 1 January, 1920.   Said Hagood-
Grantham Real Estate Company to pay all costs of advertising they may
choose to do.

This 26 August, 1919.          (Signed)   MRS. L. E. HOLLAND.

Witness:                                 J. C. HOLLAND.

    J. C. SINGLETON,
       217 Castle Street, Wilmington, N. C.

On the back of this agreement is the following indorsement:

Mr. Hagood & Grantham, we must have $500 by the first of November
to confirm the trade; if not, the within agreement is null and void.   We
have to do this in case you do not sell, so as to give us time to rent out
for another year, 1920.                           J. C. HOLLAND.

Defendants admitted the execution of said contract; but contended,
and offered evidence tending to show, that the same was revoked on
3 October, 1919.   The defendants tendered an issue upon the question
of revocation, which the court declined to submit.   Exception duly
noted.

On the issue of damages, plaintiff was permitted to testify, over objec-
tion, that when the partnership firm of Hagood-Grantham Real Estate
Company, composed of B. E. Hagood and L. T. Grantham, was dis-
solved, plaintiff paid his copartner $1,000 for his interest in the contract
sued on in this action.

Upon issues joined, there was a verdict and judgment in favor of the
plaintiff.   Defendants appealed.

*Moore & Dunn for plaintiff.*
*L. Clayton Grant and Ward & Ward for defendants.*

5—181

STACY, J. ·Under authority of *Abbott v. Hunt,* 129 N. C., 403, and *Real Estate Co. v. Sasser,* 179 N. C., 497, we think his Honor should have submitted to the jury an issue on the defendant's alleged revocation of the contract. The *Sasser case* is on all-fours with the case at bar—the two being identical in principle—and what is said there need not be repeated here. We consider the above cases controlling authorities.

We think the court also erred in permitting the plaintiff to testify to the effect that he had paid his copartner the sum of $1,000 for his interest in the contract. In no event could this be considered as a proper item in assessing the plaintiff's damages. It was not money expended in an effort to secure a purchaser; nor was it any loss of profits within the rule applicable to such loss. Plaintiff purchased the entire contract subject to the defendants' right of revocation; and such a purchase was not within the contemplation of the parties at the time of its execution. This would take the amount thus expended out of the category of recoverable damages.

The remaining exceptions need not be considered, as the questions presented by them may not arise upon another hearing.

New trial.