## Sondberg et al. v. Eisenberg et al.

*D. A. Magaziner*, for plaintiffs; *H. Arronson*, for defendants.

MARTIN, P. J., Feb. 14, 1930.—The plaintiffs sued on an alleged express contract to recover compensation for superintending the erection and the sale of seven buildings on land owned by defendants at 61st Street and Lebanon Avenue, in the City of Philadelphia. Plaintiffs claim a commission of 3 per cent. of the selling price of the buildings.

To the statement of claim defendants filed affidavits of defense denying that they employed plaintiffs or appointed them agents for the erection or sale of the buildings, averring that plaintiffs were authorized to finance the building operation at a cost not to exceed 10 per cent., but denying that plaintiffs secured any one to advance the necessary funds.

There was evidence at the trial of a verbal agreement between plaintiffs and defendants for the development of property and erection of seven buildings; for superintending the operation and selling the buildings when completed, plaintiffs to be paid 3 per cent. of the price at which the properties were sold. Plaintiffs selected an architect, secured bids from sub-contractors, superintended the erection of the buildings and adjusted labor differences; but about the time of the completion of the buildings plaintiffs were "discharged," and the properties were placed in the hands of another real estate broker for sale, by whom they were sold or exchanged. When plaintiffs protested against the employment of the other broker, they were assured by defendants they "would be taken care of."

All the properties were sold or exchanged subsequently to the "discharge" of plaintiffs.

Defendants denied that there was any contract as claimed by plaintiffs and denied that plaintiffs rendered services in connection with the erection of the buildings.

The jury returned a verdict in favor of plaintiffs for $2500. Defendants having presented a motion for binding instructions at the trial have moved for judgment *n. o. v.* and entered a rule for a new trial.

Defendants contend that plaintiffs did not effect a sale and that they presented no testimony to entitle them to a commission as for a sale, and that any recovery of damages should be restricted to compensation for services they actually rendered and the expense they incurred; but having made no claim for service based on an implied contract and having declared upon an express contract, in the absence of the value of the services rendered, the verdict of the jury should be set aside and judgment be entered in favor of the defendants.

An agency for the sale of real estate is revocable unless coupled with an interest or made for a fixed and specified time and for a good and valuable consideration.

"Where one as agent for another contracts to sell the land of the latter in consideration of one-half the net proceeds of the sales, and there is no stipulation in the contract as to the duration of the employment, the principal has a right to determine it at any time and to discharge the agent from his service without notice:" Coffin *v.* Landis, 46 Pa. 426.

In Blackstone *v.* Buttermore, 53 Pa. 266, it was held that "the interest of the agent was only in his compensation for selling, and without a sale this is not earned. A revocation could not injure him. If he had expended money, time or labor, or all, upon the business entrusted to him, the power itself was a request to do so, and on a revocation would leave the principal liable to him on his implied *assumpsit.*"

In Jaekel *v.* Caldwell, 156 Pa. 266, it was held that "an agent employed to sell lands, whose authority has been revoked, may recover from his principal, upon a *quantum meruit*, the expenditures which he has been encouraged to make in effecting the sale and compensation for his labor and time."

In Kifer *v.* Yoder, 198 Pa. 308, it was said that "it is always incumbent upon the broker seeking to recover a commission to prove either that the sale was made to the party whom he procured as a purchaser or that the purchaser was able and willing to buy and the failure to make an actual sale was through no fault of the broker or his customer; . . . real estate broker is employed as the agent of the vendor for the purpose of effecting a sale. Until he accomplishes the object of his employment, he is not entitled to his commission."

In Morrow *v.* Tunkhannock Ice Co., 211 Pa. 445, decided: "Where an ice company agrees in writing to give to an individual the right to sell all of its product for a term of five years on a commission of $1 per car for ice shipped from the company's plant, the contract does not establish the relation of master and servant, but constitutes an employment to make sales on commission. If the sales agent thus employed makes no sale and is discharged before the end of his term, he can recover nothing from the corporation."

In Turner *v.* Baker, 225 Pa. 359, a real estate broker with the exclusive right to sell was held not to be entitled to recover his commission "if the owner himself sells the real estate during the term of the broker's employment and the broker did not produce a purchaser during the term of the contract ready, able and willing to purchase the property."

In S. V. Thompson Co. *v.* Goldman, 41 Pa. Superior Ct. 209, the contract with a real estate broker provided for ten days' notice of an intention to withdraw the sale from the agency of the broker, and the owner sold, without any aid from the agent and without having revoked the agency: it was held that the agent was "entitled to recover compensatory damages for money expended and time and labor devoted towards the accomplishment of the sale, even if he has not brought a purchaser to his principal;" but he could not recover the specific commission provided by his contract.

In the present case, plaintiffs declared on an express contract providing for payment of 3 per cent. commission based upon the selling price of the seven buildings erected upon the land of defendants. The evidence proved there was a revocation of the agency. This appears from the testimony of the plaintiffs themselves, and there is nothing to sustain the claim that plaintiffs earned the commission by the sale of the properties, and no evidence showing anything expended under the alleged contract or the value of services rendered by plaintiffs in connection with the contract. The claim set forth in the statement was not proved and there was no evidence submitted of the value of the serv-

ices or expenditures. An amendment of the statement could not perfect the right of plaintiffs to recover damages.

The alleged contract was not one between master and servant. It was a contract of agency. The work of superintending the erection of the buildings might be an undertaking between master and servant, but the primary purpose of the contract alleged by plaintiffs was an agency for the sale of the buildings after the contemplated improvement was completed.

And now, Feb. 14, 1930, the motion for judgment n. o. v. is allowed and judgment is directed to be entered in favor of defendants. An exception to this action of the court is noted for plaintiffs. The rule for a new trial is discharged.