McClendon *v.* Shutt, et ux.

No. 41291          November 23, 1959          115 So. 2d 740

*Estes & Alexander, Mize, Thompson & Mize,* Gulfport, for appellant.

*White & White,* Gulfport, for appellees.

APPELLANT IN REPLY.

McGehee, C. J.

The appellant is a building contractor who agreed for a stipulated price to construct a 24-unit motel for the appellees on a tract of land owned by them in Harrison County, Mississippi.

The appellees brought this suit against the appellant J. C. McClendon, Jr., the contractor, and alleged that they owed the said contractor the sum of $6,000.30, but that after deducting their claims for damages in the aggregate sum of $5,758.96 on account of the delay in the construction, they alleged that they owed the contractor only a balance of $241.34, which amount was tendered into the registry of the Chancery Court of Harrison County upon the filing of this suit by the owners against the said contractor.

The contractor filed an answer to the bill of complaint, as amended, and alleged among other things, that "The bill of complaint fails to allege the submission of the dispute to a board of arbitration in accordance with Article 40 of the general conditions of the contract" between the parties. The chancellor found that such arbitration agreements may be revoked or cancelled at will by either party prior to actual award. In his opinion of the trial of the case he recognized that

New York and California, in particular, had, by statute, abrogated this common-law rule and had provided for the enforcement of arbitration agreements. He cited 3 Am. Jur. 856, Section 31, to the effect that ''So long as agreements to arbitrate, made in advance of the controversy, remain executory, different rules prevail than in the case of executed agreements. It is settled at common law that a general agreement, in or collateral to a contract, to submit to final determination by arbitrators the rights and liabilities of the parties with respect to any and all disputes that may thereafter arise under the contract is voidable at will by either party at any time before a valid award is made, and will not be enforced by the courts, because of the rule that private persons cannot, by a contract to arbitrate oust the jurisdiction of the legally constituted courts.'' See also 6 C. J. S. 169, Section 29.

██ ██ In the case of Jones v. Harris, 59 Miss. 214, this Court said: ''The right of either party to revoke a submission before award made, where the submission is not a rule of court, or regulated by statute changing the common law, is well settled and universally recognized,'' citing authorities. Cf. Standard Mill Work and Supply Company v. Mississippi Steel & Iron Company, 205 Miss. 96, 38 So. 2d 448, wherein this Court stated: ''Again, either party to a written agreement for submission to arbitration has the right to revoke the submission before award is made,'' citing Jones v. Harris, supra, and 3 Am. Jur. 856, Sections 30 and 31. See also the case of Machine Products Co., Inc., et al. v. Prairie Local Lodge No. 1538 of International Association of Machinists, AFL-CIO, et al., 230 Miss. 809, 94 So. 2d 344. Our statute on Arbitration and Award, Section 279, Code of 1942, recognizes the right of parties to submit their disputes to arbitration, but in our opinion this statutes does not attempt to abrogate the common-law rule to the effect that either party may revoke an agree-

ment to submit to arbitration at any time before an award has been made.

We are therefore of the opinion that the trial court was correct in overruling the plea of the appellant hereinbefore mentioned.

■■ We are of the opinion that the trial court was also correct in declining to strike from the defendant's answer its alleged defenses to the alleged delays in the prosecution of the work under the contract, since such allegations of the defendant's answer were in the nature of a plea of waiver on the part of the complainants as to the failure of the defendant to give notice to the complainants that the completion of the building would be delayed and of the reasons therefor.

■■ The Court is of the opinion that these interlocutory appeals should not have been granted, since, in our opinion, the controlling principles of law are already settled by our previous decisions on the questions involved, but since no motion was made to dismiss either the direct or cross-appeal, we have not seen fit to do so of our own motion.

For the reasons hereinbefore stated, the case must be affirmed on both direct and cross-appeals from the interlocutory decrees and the cause remanded.

Affirmed on direct and cross-appeals and remanded.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.,* concur.