BOBBY H. TEAGUE v. SPRINGFIELD LIFE INSURANCE COMPANY, INC.

No. 8127SC453

(Filed 19 January 1982)

**Insurance § 44— disability benefits—order to pay future benefits proper**

In an action by plaintiff to recover disability benefits which had been discontinued by defendant insurance company, where the jury returned a verdict finding defendant to be eligible for the disability benefits, it was not error for the court to order that "[p]laintiff shall be paid in the future at the rate of $900.00 per month so long as his total disability continues and he survives, but not beyond plaintiff insured's 65th birthday . . . .." Once the jury established the fact of plaintiff's disability by its verdict, a presumption arose that his condition would continue. When the court directed the insurance company to pay the future installments for disability as they accrue, he was exercising sound discretion.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 17 December 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 11 December 1981.

Plaintiff sustained personal injuries on 28 May 1976 while working on the premises of his employer, Tuscarora Cotton Mill, and, under a group contract issued by the defendant to Tuscarora, was entitled to disability benefits. Plaintiff received disability benefits for the period from 18 September 1976 through 18 October 1978, at which time defendant ceased making payments and has made no further payment. In August of 1979, plaintiff filed a complaint alleging that he was and would be a totally disabled person for the remainder of his life; that defendant had denied his claim for continuing benefits; and that he was entitled to receive benefits in the future so long as he lived.

At trial the following issue was submitted to the jury and answered affirmatively on 22 October 1980: "Has the Plaintiff been continuously and completely unable to engage in any gainful occupation in which he might reasonably be expected to engage with due regard to his education, training and experience since

October 1978?" By stipulation the parties agreed "that the second proposed issue regarding what amount the plaintiff would be entitled to recover may be resolved by the Court at a separate evidentiary hearing, if necessary . . .." In its judgment, filed 17 December 1980, the court ordered "[t]hat the plaintiff have and recover of the defendant the sum of $900.00 per month for each month since October 18, 1978, with interest thereon for each monthly payment." The court also ordered that "[p]laintiff shall be paid in the future at the rate of $900.00 per month so long as his total disability continues and he survives, but not beyond plaintiff insured's 65th birthday . . .."

Basil L. Whitener and Anne M. Lamm for plaintiff appellee.

Cansler, Lockhart, Parker & Young, by Sarah Elizabeth Parker and Thomas Drake Garlitz, for defendant appellant.

MARTIN (Harry C.), Judge.

Defendant contends that those portions of the judgment entitling plaintiff to disability benefits from 22 October 1980 through 17 December 1980 and into the future are not supported by the jury verdict finding that plaintiff was disabled on or prior to 22 October 1980, and are conditional and therefore void. We disagree. Defendant relies heavily upon Green v. Casualty Co., 203 N.C. 767, 167 S.E. 38 (1932). In Green the contract of insurance provided for payments as long as plaintiff was alive and disabled. The jury found plaintiff to be disabled, and the trial court entered judgment that defendant pay the arrearages due under the policy and the sum of $7.50 per month "so long as he shall live." The court failed to limit the future payments to the period that plaintiff continued to be disabled. On appeal, the Supreme Court modified the trial court's judgment to eliminate the future payments. Green is distinguishable from the present case. Here, the trial court did not fall into the error in Green, but limited future payments for the period of plaintiff's continuing disability within the terms of the policy.

We note initially that it would have been error to submit the issue of plaintiff's continuing disability for jury determination. However, under the terms of the contract there is a presumption of continuing total disability as long as the insured person "is completely unable to engage in any gainful occupation in which he

might reasonably be expected to engage with due regard to his education, training and experience." The jury determined that as of 22 October 1980, plaintiff was entitled to disability benefits under the policy. In addition, a presumption of continuance arises when a particular state of things is once proved to exist. *Sloan v. Light Co.*, 248 N.C. 125, 102 S.E. 2d 822 (1958). This is true as to insanity, *Tomlins v. Cranford*, 227 N.C. 323, 42 S.E. 2d 100 (1947); *Ballew v. Clark*, 24 N.C. 23 (1841); malice, *State v. Johnson*, 23 N.C. 354 (1840); the legal relations created by contract, *Robinet v. Hamby*, 132 N.C. 353, 43 S.E. 907 (1903); knowledge, *State v. Davis* and *State v. Fish*, 284 N.C. 701, 202 S.E. 2d 770, *cert. denied*, 419 U.S. 857 (1974); and other conditions, *see generally* 2 Stansbury's N.C. Evidence § 237 (Brandis rev. 1973). Once the jury established the fact of plaintiff's disability by its verdict, a presumption arose that this condition would continue.

Defendant has a contractual obligation to continue payments until any one of the three events triggers its contractual right to discontinue payments. These events are the death of the insured, his attainment of age sixty-five, or his return to health. With respect to the last event, the defendant retains "the right and opportunity to examine the insured person or dependent when and as often as it may reasonably require during the pendency of a claim . . . ." Moreover, the defendant may at any future time have an evidentiary hearing on the issue of the continuing disability of the plaintiff within the terms of the insurance contract. Under the terms of the contract in this case, plaintiff would have the burden of proof at such hearing. Thus, those portions of the judgment to which defendant takes exception merely reiterate defendant's rights and obligations under the contract. Essentially the trial court has exercised its equity jurisdiction in ordering specific performance of the contract. *See Caporali v. Washington Nat. Ins. Co.*, 102 Wis. 2d 669, 307 N.W. 2d 218 (1981); *Moore v. Moore*, 297 N.C. 14, 252 S.E. 2d 735 (1979); *National Old Line Ins. Co. v. Brownlee*, 349 So. 2d 513 (Miss. 1977).

Under the facts of this case, plaintiff's remedy at law is inadequate. Defendant's persistent refusal to pay disability benefits under the contract contemplates' "successive lawsuits to recover in a piecemeal fashion the sums due," at great hardship to the plaintiff whose livelihood now depends on the performance of the contract. *Moore, supra*, at 18, 252 S.E. 2d at 738. The Court's

reasoning in *Moore* is persuasive when applied to the present case:

> Equity "seeks to reach and do complete justice where courts of law, through the inflexibility of their rules and want of power to adapt their judgments to the special circumstances of the case, are incompetent so to do." *Zebulon v. Dawson,* 216 N.C. 520, 522, 5 S.E. 2d 535, 537 (1939). In *Sumner v. Staton,* 151 N.C. 198, 201, 65 S.E. 902, 904 (1909), Justice Brown discussed the nature of a court's inquiry into the adequacy of a plaintiff's remedy at law thusly:

>> "An adequate remedy is not a partial remedy. It is a full and complete remedy, and one that is accommodated to the wrong which is to be redressed by it. *It is not enough that there is some remedy at law; it must be as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.*" . . .

> Thus in *McClintock on Equity,* § 46, p. 110 (2d ed. 1948) it is observed that "[t]he fact that the remedy which the courts of law would ultimately give if the plaintiff were successful would be an adequate one does not prevent the intervention of equity if the procedures which must be followed at law would make the remedy less efficient and practical to meet the plaintiff's needs." . . .

> . . . .

> The adequacy of the remedy at law must be evaluated in a relative sense, treating the contract in a particular case "as one of a class, and the inquiry is whether, in agreements generally of that kind, the terms or relations of the parties are such that the legal remedy of damages is adequate or inadequate." *Pomeroy's Specific Performance of Contracts,* § 27, pp. 89-90 (3d ed. 1926). The *Restatement of the Law of Contracts,* § 361, p. 646 sets forth the factors involved in the determination of the adequacy of remedies at law when specific performance of a contract is sought. Subsections (c) and (e) are pertinent to our consideration. Subsection (c)

focuses on "the difficulty, inconvenience, or impossibility of obtaining a duplicate or substantial equivalent of the promised performance by means of money awarded as damages." . . . Subsection (e) focuses on "the probability that full compensation cannot be had without multiple litigation." This factor goes to the heart of the inadequacy of plaintiff's remedy at law as discussed *supra* and, in an appropriate situation, is a sound basis for the granting of equitable relief.

297 N.C. at 16-18, 252 S.E. 2d at 737-38. When applied to the facts of this case, the logic in *Moore* supports a holding that plaintiff is entitled to specific performance of the contract so long as he is disabled within the terms of the contract. This the trial court sought to do in its judgment. The factor of judicial economy, while not controlling, is certainly worthy of consideration in determining the issue in question.

Plaintiff's situation is succinctly summed up in *Caporali, supra*, at 680-81, 307 N.W. 2d at 224:

". . . all courts are inclined to find disability to exist where an insured cannot perform his usual duties in the customary manner, irrespective of technical definitions placed in the policy drafted by the insurer. When it comes time to collect the benefits promised, a disabled insured is in a deplorable condition to do battle with a powerful insurer which can hire expert defense counsel and do battle up through the reviewing courts, as has been seen from the decisions cited. The sudden cessation of the promised income, when earnings have ceased, the accumulation of bills, the anxiety and stress of pending litigation — these work a hardship upon an insured and place him in a markedly disadvantageous bargaining position."

Rejecting the plaintiff's request for a lump sum payment based on a theory of anticipatory breach, the Wisconsin court agreed that:

"The only other remedy would be to award benefits to date, . . . and for the court in its order to dictate that the insurer pay monthly benefits as they fall due, retaining jurisdiction so that — in the event of default — the insured may return into court to ask for sanctions against a delinquent company. In that respect, such judgment would be

similar to a decree for specific performance. It is time for the courts to cast aside the. niceties of past legal syllogisms and look to the realities of the situations presented, with a view to accomplishing practical justice."

*Id.* at 683, 307 N.W. 2d at 225.

We thus adopt the reasoning of *Caporali, supra, Moore, supra,* and *National Old Line Ins. Co., supra,* and hold that:

When the [court] directed the insurance company to pay the future installments for disability as they accrue, he was exercising sound discretion. With an increase in the number of decisions favorably viewing specific performance in lieu of damages for breach of contract as a viable alternative to protect the rights and interests of policyholders as to future unaccrued installments without increasing the risk or liability of insurance companies it cannot be said that the [court] committed manifest error.

. . . .

We are all aware that many insurance contracts are in force which provide for disability payments over a period of time. Such contracts are of fairly recent origin and the time has come for the equity courts to enforce such contracts by way of specific performance so as to obviate the necessity of an insured being required to file a separate suit on each disability payment as it accrues. By statute, decrees involving child custody, payment of alimony, child support and separate maintenance are subject to modification under changed conditions and circumstances. This is a statutory remedy, but the history of the development of equity jurisdiction convinces me that we should continue the development of equitable principles and fashion a rule whereby cases such as this could be disposed of at one hearing. If, in this particular case, the insured should regain his health or die before collecting all of the payments to which he is entitled we should permit modification on petition of the insurer when such changed circumstances or conditions arise. The time is now ripe for such a forward step because contracts of insurance for disability. payments are common and equity demands that a swift and simple remedy be fashioned to determine controversies of such contracts.

*National Old Line Ins. Co., supra,* at 518.

No error.

Judges VAUGHN and WELLS concur.